IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CATHY KING,**

              Plaintiff,

v.                                                                                            CIVIL ACTION NO.: 3:24-CV-19 (GROH)

**N. CHRONISTER, a deputy sheriff of Berkeley County; BERKELEY COUNTY SHERIFF'S DEPARTMENT, a division of the Berkeley County Commission; and BERKELEY COUNTY COMMISSION, a political subdivision of Berkeley County, West Virginia; CITY OF CHARLES TOWN, a municipal corporation; RONALD KERNS, a police officer for the city of Charles Town; JOHN DOE #1, a law enforcement officer; JOHN DOE #2, a deputy sheriff or sheriff of Berkeley County; JOHN DOE #3, a deputy sheriff or sheriff of Berkeley County; JOHN DOE #4, a police officer for the City of Martinsburg; JOHN DOE #5, a police officer for the City of Martinsburg; JOHN DOE #6, a police officer for the City of Charles Town; JOHN DOE #7, a police officer for the City of Charles Town; JOHN DOE #8, a police officer for the City of Ranson; and JOHN DOE #9, a police officer for the City of Ranson,**

              Defendants.

## MEMORANDUM ORDER AND OPINION
## REGARDING MOTIONS TO DISMISS

Cathy King alleges Defendants violated her constitutional rights when they arrested her at work and kept her handcuffed in the back of a police cruiser for approximately forty-five minutes. Officers were attempting to execute an arrest warrant for Catherine Marie Starliper, a White woman in her thirties. Instead, they arrested the Plaintiff, Cathy King, who is a 59-year-old African American woman.

## I.     BERKELEY COUNTY'S MOTION TO DISMISS

As an initial matter, the Plaintiff filed a Response to Berkeley County Commission and Berkeley County Sheriff's Department's Motion to Dismiss noting she does not oppose it. Accordingly, Berkeley County's Motion to Dismiss is **GRANTED**. ECF No. 4.

## II.    CITY OF CHARLES TOWN'S MOTION TO DISMISS

The City of Charles Town, Ronald Kerns, and John Does 6 & 7 filed a joint Motion to Dismiss. ECF No. 3. Therein, the Defendants argued that the Plaintiff failed to plead any claim against the City of Charles Town. Id. at 6. In her Response, the Plaintiff "does not oppose the dismissal of Defendant City of Charles Town as a defendant from Plaintiff's fourth and seventh causes of action." ECF No. 14 at 9n.1. The Plaintiff concedes these are the only counts that contain allegations against Charles Town. Accordingly, the Motion to Dismiss is **GRANTED** as to the City of Charles Town. ECF No. 3.

## III.   BACKGROUND

The facts of this case are straightforward. On February 15, 2022, the Plaintiff was working at a 7-11 when Defendant Chronister arrested her and took her to the Berkeley County Judicial Center. Once there, Defendant Chronister located a copy of the arrest warrant, which was for Catherine Marie Starliper, and attempted to confirm that Plaintiff was the same individual named in the warrant. After sending a picture of the Plaintiff to another officer—who confirmed the Plaintiff was not Catherine Starliper—Defendant Chronister allegedly said, "we fucked up." ECF No. 1 at 9.

Having been arrested pursuant to a warrant issued for a different person, the Plaintiff alleges unlawful detainment, unlawful search and seizure, and excessive force under 42 U.S.C. §1983; Bivens violations; and battery, assault, and negligence. In their

Motions to Dismiss, the Defendants argue they enjoy qualified and statutory immunity; the Bivens claims fail because the Complaint does not allege they were federal agents; Plaintiff failed to state a claim as to the assault and battery claims; the Complaint fails to state a claim because it lacks specific facts as to each defendant, and they cannot vicariously be held liable for another's constitutional violation.

### IV.    LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Although the pleading standard under Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

When reviewing a Rule 12(b)(6) motion, the court assumes that the complaint's well-pleaded allegations are true, resolves all doubts and inferences in favor of the plaintiff and views the allegations in a light most favorable to the plaintiff.  Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999).  Only factual allegations receive the

presumption of truth. Iqbal, 556 U.S. at 678-79.  A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic" and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

## V.     RONALD KERNS AND JOHN DOES' MOTION TO DISMISS

In her Response, Plaintiff notes that these Defendants are only named in the fourth and seventh causes of actions within the Complaint. The fourth cause of action is for Bivens violations and the seventh is for negligence.

The Court first addresses Plaintiff's Bivens claim. The only allegation in support of a Bivens action is that the Defendants "while acting under the color of federal law, deprived the plaintiff of her constitutional rights under the United States Constitution." ECF No. 1 at 17. The Plaintiff, for the first time, suggests in response to the Motion to Dismiss that these Defendants were part of a federal task force. The Court has searched Plaintiff's complaint, and the term "task force" does not appear there. Similarly, "federal" only appears one time—in the above-quoted sentence.

The Defendants aptly point out that "[t]he purpose of Bivens is to deter federal officers from committing constitutional violations, and thus pursuant to Bivens, only an individual federal agent may be held liable for actions in excess of the authority delegated to him." Ross v. Fed. Bureau of Prisons, No. 3:20-CV-43, 2022 WL 2398525, at *5 (N.D.W. Va. Mar. 10, 2022), report and recommendation adopted, 2022 WL 2400041 (N.D.W. Va. July 1, 2022).

The Plaintiff argues in her Response, for the first time, "Defendants, while

4

technically state actors, were working as part of a Federal task force . . . ." ECF No. 14 at 9. That factual allegation is noticeably absent from the Complaint. Thus, the Court finds it appropriate to dismiss the Bivens claim against these Defendants. Further, had the Plaintiff alleged the Defendants were federal actors, the Court finds dismissal warranted under Annappareddy v. Pascale, 996 F.3d 120 (4th Cir. 2021). See also Egbert v. Boule, 596 U.S. 482 (2022); Ziglar v. Abbasi, 582 U.S. 120 (2017).

Turning to the negligence claim, Plaintiff avers the Defendants owed her a duty to provide an accurate description of the suspect, Catherine Marie Starliper, who was named in the arrest warrant. The Court is not convinced Plaintiff states a plausible claim for negligence against Kerns and the Doe Defendants, but it need not reach that question because these Defendants enjoy statutory immunity.

The Plaintiff argues immunity should not apply to Defendant Kerns or the John Does because they acted in a wanton or reckless manner. However, the Complaint fails to allege with any detail what actions were taken in a wanton or reckless manner. At best, the Complaint leads the reader to find Kerns failed to provide a description of Catherine Marie Starliper to the arresting officer.

The Complaint does not allege any wanton or reckless behavior by these Defendants. The threadbare recital of a legal conclusion is insufficient to survive a motion to dismiss. Defendants point out both the Federal and West Virginia Rules of Criminal Procedure do not require an arrest warrant to provide a defendant's description when a name is provided.

This case is like Horton v. Vinson, where the plaintiff alleged officer Vinson negligently caused a BOLO alert to be issued for his vehicle. The Court held, "based on

5

the absence of any supporting facts that Vinson acted maliciously, in bad faith, or in a wanton or reckless manner, . . . Vinson is immune from Horton's negligence claim." No. 1:14CV192, 2015 WL 4774276, at *25 (N.D.W. Va. Aug. 12, 2015). "Simply identifying conduct as willful, wanton, intentional, or reckless, with little factual enhancement or support is insufficient." Tomashek v. Raleigh Cnty. Emergency Operating Ctr., No. 2:17-CV-01904, 2017 WL 5473926, at *2 (S.D.W. Va. Nov. 14, 2017) (quoting Earle v. Huntington, No. 3:14-29536, 2015 WL 5611650, at *5 (S.D. W. Va. Sept. 23, 2015)).

These Defendants are entitled to immunity under W. Va. Code § 29-12A-5 for Plaintiff's negligence claim. Therefore, Defendants Kerns and Does 6 & 7's Motion to Dismiss shall be **GRANTED**, and they are hereby **DISMISSED from this Civil Action WITH PREJUDICE**. ECF No. 3.

## VI.     CHRONISTER'S MOTION TO DISMISS

The Complaint's first three causes of action allege Defendant Chronister unlawfully detained, searched, and seized the Plaintiff while using excessive force—all in violation of 42 U.S.C. §1983. The Defendant argues he is entitled to qualified immunity. The parties agree that the test for immunity in this context turns on a standard of objective reasonableness. "What this means in practice is that whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." Wilson v. Layne, 526 U.S. 603, 614 (1999) (cleaned up).

Defendant Chronister contends this case is like others where officers arrested the wrong individual pursuant to a valid arrest warrant. For example, Chronister cites Miller v.

6

Hall, where the Plaintiff, Jeremy Miller, was arrested based upon a warrant for "Jeremy Miller." No. 2:19-CV-00901, 2020 WL 4612394, at *4 (S.D.W. Va. Aug. 11, 2020). Miller alleged he was held for a couple hours and treated rudely by the sheriff before being released. Id. There are critical distinctions in the case before this Court.

First, Defendant Chronister arrested Cathy King pursuant to a warrant for Catherine Marie Starliper. Catherine and Cathy may be similar, but that is where the similarities end. Further, the Complaint alleges Defendant Chronister was told shortly before arresting Plaintiff that the warrant was for a White female; the Plaintiff is African American. The Complaint further alleges that over a half hour after the Plaintiff was handcuffed, removed from her place of employment, and placed in the back of a cruiser, Defendant Chronister sent a picture of the Plaintiff to another officer who confirmed he had arrested the wrong person.

This case is not like the cases Defendant suggests mirror these facts. Several of those cases were decided at the summary judgment stage, and the ones that were not, like Miller, presented a much easier question. Indeed, arresting "Jeremy Miller" pursuant to a warrant for "Jeremy Miller" is categorically different than arresting an African American named Cathy King in lieu of a White Catherine Marie Starliper. Perhaps Defendant Chronister can avail himself of immunity during the summary judgment stage, but it is not presently available to him. Plaintiffs first three causes of action will proceed.

Defendant Chronister's Motion seeks to dismiss Plaintiff's Bivens claim for the same reasons articulated in the other Defendants' Motion. The Court finds that analysis applies here and incorporates it by reference. Accordingly, for those reasons and the ones provided in Defendant Chronister's Motion, the Bivens claim against him is dismissed.

The Court finds dismissal of the remaining causes of action for assault, battery, and negligence, is currently not appropriate. Like the §1983 claims, the allegations within Plaintiff's Complaint, taken as true, offer cognizable claims for which relief could be granted. The claims are adequately pled. Accordingly, Defendant Chronister's Motion to dismiss the fifth, sixth, and seventh causes of action is denied. Thus, Defendant Chronister's Motion to Dismiss is **GRANTED in PART and DENIED in PART**.

## VII.    CONCLUSION

The Motions to dismiss as to Berkeley County Commission and Berkeley County Sheriff's Department [ECF No. 4], and the City of Charles Town [ECF No. 3] were unopposed by the Plaintiff and are therefore **GRANTED**; those parties are hereby **DISMISSED WITH PREJUDICE** from this Civil Action.

The Motion to Dismiss Ronald Kerns and John Does 6 & 7 [ECF No. 3] is **GRANTED** for those reasons stated above, and they are also **DISMISSED WITH PREJUDICE**. The Motion to Dismiss N. Chronister is **GRANTED IN PART and DENIED IN PART**. ECF No. 12. Specifically, the Bivens claim in the fourth cause of action is **DISMISSED WITH PREJUDICE**. However, all remaining causes of action against Defendant Chronister shall proceed in the normal course.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: January 10, 2025

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE